UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :
BARBARA PORTMAN, in her capacity as  :
executrix of the Estate of Mr. Jae   :
Portman and as personal representative :
of his heirs-at-law, Barbara and     :
Brittany Portman,                    :        05 CIV. 10018 (DLC)
                                     :
                    Plaintiff,       :        MEMORANDUM OPINION
                                     :            AND ORDER
          -v-                        :
                                     :
ALZA CORPORATION and JANSSEN, L.P.,  :
a/k/a JANSSEN PHARMACEUTICA, L.P.,   :
                                     :
                    Defendants.      :
                                     :
------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/17/06

APPEARANCES:

For Plaintiff:
Joseph L. Clasen
Katherine C. Glynn
Robinson & Cole LLP
One Boston Place
Boston, MA 02108-4404

For Defendants:
John D. Winter
Patterson, Belknap, Webb & Tyler, LLP
1133 Avenue of the Americas
New York, NY 10036-6710


DENISE COTE, District Judge:

    In this products liability case, the plaintiff, Barbara

Portman ("plaintiff"), acting as Executrix for the estate of her

husband, Jae Portman ("Portman"), seeks to recover damages from

the defendants based on her allegation that their prescription

pain medication Duragesic®, worn as a patch, caused Portman's

death when it leaked and administered a lethal dose of the

Schedule II narcotic.  The defendants, Alza Corporation ("Alza"),

which manufactured the patch, and Janssen, L.P. ("Janssen"),
which distributed the product, have moved to transfer this
lawsuit to Georgia, where Portman resided, received his medical
care, and died. The motion to transfer is granted.

The standard that applies to this motion to transfer
pursuant to 28 U.S.C. § 1404 is well established. Section 1404
provides that "[f]or the convenience of parties and witnesses, in
the interest of justice, a district court may transfer any civil
action to any other district or division where it might have been
brought." 28 U.S.C. § 1404(a). The "plaintiff's choice of forum
is presumptively entiteld to substantial deference." Gross v.
British Broadcasting Corp., 386 F.3d 224, 230 (2d Cir.
2004)(citation omitted). A district court has broad discretion,
however, to grant or deny motions to transfer and makes its
determination based on "notions of convenience and fairness on a
case-by-case basis." In re Cuyahoga Equip. Corp., 980 F.2d 110,
117 (2d Cir. 1992); see also International Business Machines
Corp. v. Fair Isaac Corp., No. 05 Civ. 10296 (DLC), 2006 WL
726034, at *1 (S.D.N.Y. Mar. 23, 2006). The movant bears the
burden of establishing that transfer is warranted. Fair Isaac,
2006 WL 726034, at *1. If the transferee court also has
jurisdiction over the case, the court must determine whether,
considering the "convenience of parties and witnesses" and the
"interest of justice," a transfer is appropriate. The factors a
court considers in making that determination include

> (1) the convenience of witnesses, (2) the convenience
> of the parties, (3) the location of relevant documents

and the relative ease of access to sources of proof,
(4) the locus of operative facts, (5) the availability
of process to compel the attendance of unwilling
witnesses, (6) the relative means of the parties, (7)
the forum's familiarity with the governing law, (8) the
weight accorded the plaintiff's choice of forum, and
(9) trial efficiency and the interest of justice, based
on the totality of the circumstances.

Id. at *2.

Here, there is no dispute that this litigation could have
been filed in Georgia. And there is virtually no connection
between the New York forum and this litigation, other than
plaintiff's recent adoption of New York as her domicile. In
contrast, essentially all of the relevant and extensive medical
care that Portman received in the many years as well as the days
immediately preceding his death, including the prescribing of
various pain medications, occurred in Georgia, where he and the
plaintiff had their domicile until he died. Indeed, plaintiff
swore when she was appointed executrix by the probate court of
Georgia that she resided in Georgia and was administering the
property of a decedent who was domiciled in Georgia. There are
other important facts to which only Georgia witnesses may
testify. An Atlanta policeman located Portman's body, which had
no identification documents with it, on a sidewalk in Atlanta;
the autopsy, which ascribed the cause of death to an overdose of
the active ingredient in Duragesic®, was of course performed in
Georgia; and to the extent that there are questions about
Portman's lifestyle, or use or abuse of drugs, that are relevant
to his compliance with medical directives or other issues of
causation, those witnesses largely reside in Georgia.

3

The plaintiff argues that there are New Jersey and California witnesses with important information about the quality control and safety protocols associated with the manufacture of Duragesic®, and emphasize that this is a pharmaceutical product defect case. One of the several important treating physicians for Portman has also agreed to travel to New York for trial.

The location of the design and manufacture of the product at issue in a products liability case is an important factor to consider in evaluating a transfer motion. Consideration of that factor does not assist the plaintiff, though, since Alza, a Delaware corporation with its principal place of business in California, designed and manufactured the product in California. While Janssen is based in New Jersey, it was not responsible for either the design or manufacture of the product.

The parties largely agree that the other factors relevant to this inquiry are not material in this case. The parties are able to litigate this case in either forum; documents can be produced without difficulty for their various locations; both forums can determine and apply the relevant law with efficiency; and there is no reason to expect that the parties will be unable to obtain a relatively expeditious trial of this matter in either forum. In sum, giving due regard to the plaintiff's choice of forum, the defendants have shown with compelling evidence that there is an insufficient connection between New York and this lawsuit to allow this case to proceed here in the face of an application to transfer the case to Georgia, where Portman was domiciled and

died.

Conclusion

The defendants' motion to transfer this action to the Northern District of Georgia is granted. The pending motion to amend the complaint is also transferred to that district. The Clerk of Court shall execute the transfer.

SO ORDERED:

Dated:   New York, New York
         May 17, 2006

                                    _____
                                             DENISE COTE
                                    United States District Judge